**Opinion filed May 27, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00142-CR

_____

## RANDY DESHON COLLIER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25088A**

### O P I N I O N

The jury convicted Appellant of possession of four grams or more but less than two hundred grams of cocaine with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). The trial court assessed punishment at confinement for eighteen years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant filed a motion for new trial asserting that he received ineffective assistance of counsel at trial. The trial court held a hearing on the motion, wherein

both Appellant and his trial counsel testified. The trial court denied the motion. In two issues on appeal, Appellant asserts that the trial court abused its discretion by denying his motion for new trial based on ineffective assistance of counsel (1) as a result of trial counsel's failure to pursue what Appellant characterizes as an available defense and (2) as a result of the cumulative effect of trial counsel's alleged errors. We affirm.

*Background Facts*

On March 23, 2012, Agent Chad Jenkins and Agent Scott Ferrell of the Abilene Police Department obtained a warrant to search the curtilage of a house located on Mesquite Street. Before executing the search warrant, the agents conducted surveillance of the house beginning at 2:30 p.m. The agents observed that a vehicle stopped in front of the house on two occasions. Each time, they observed Appellant speak to and receive money from an occupant of the vehicle. Appellant then retrieved cocaine from a pill bottle hidden under a child's four-wheeler next to the house. Appellant handed the cocaine to a female who delivered it to the vehicle. After approximately thirty minutes of surveillance, the agents executed the search warrant and arrested Appellant. They seized the pill bottle containing the cocaine from the side of the house.

*Analysis*

In both of his issues on appeal, Appellant alleges that the trial court erred in denying his motion for new trial based upon his claims of ineffective assistance of counsel. An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012) (analyzing a motion for new trial premised on a claim of ineffective assistance of counsel). A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Id.*

In order to establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). Courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

In Appellant's first issue, he asserts that the trial court abused its discretion by denying his motion for new trial based upon a claim that he characterizes as the "failure to pursue an available defense." The matter that Appellant references as an "available defense" is his allegation that trial counsel failed to attempt to discredit the investigating officers' testimony with an omission in their reports that they immediately found the cocaine when they reached the premises. He supports this allegation with the contention that trial counsel failed to timely discover the claim that Agent Ferrell went immediately to the child's four-wheeler at the beginning of the execution of the search warrant.

Appellant premises his first issue in part on the contention that trial counsel should have filed a motion to suppress the evidence seized from the execution of the search warrant. He does not allege that a motion to suppress would have resulted in

the evidence being suppressed.[1]  Instead, he alleges that a hearing on a motion to suppress would have provided trial counsel with testimony from at least one of the investigating officers that would have led trial counsel to discover that the cocaine was immediately discovered.

Trial counsel testified that she did not think that a motion to suppress would have been beneficial.  She further testified that she knew prior to trial that the officers claimed to have discovered the cocaine immediately after executing the search warrant.  *See Wert v. State*, 383 S.W.3d 747, 756–57 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that the failure to file discovery motions is not per se ineffective assistance of counsel when there is no showing that relevant evidence was not disclosed through informal discovery).  Accordingly, there is evidence supporting the trial court's denial of Appellant's ineffective assistance claim with respect to the allegation that trial counsel should have filed a motion to suppress.

The remainder of Appellant's first issue focuses on trial counsel's decision to not attempt to discredit the officers with the absence from their reports of any reference to the claim that the cocaine was immediately discovered and the fact that Appellant was not booked into jail until over two hours after they executed the search warrant.  Trial counsel testified that it might have been beneficial to raise these matters in the cross-examination of the officers to discredit their testimony.  However, trial counsel also testified as follows regarding whether or not the booking records from the jail would have been beneficial:

> I don't know that it would have [been beneficial] because our trial strategy was to carefully present to the jury not that the police were lying, but that they had a misperception, that they had thought they saw

---

[1]To prevail on an ineffective-assistance-of-counsel claim based on counsel's failure to file a motion to suppress, the defendant would ordinarily have to show that the motion to suppress would have been granted.  *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Ex parte Jones*, 473 S.W.3d 850, 854 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

something that they didn't. So, to me what you're suggesting is an argument that the police were lying.

Trial counsel asserted in closing argument that the officers' ability to observe the property from their vantage point was compromised by distance and obstructions in their field of vision. Additionally, trial counsel also emphasized to the jury that another person was the target of the search warrant.

We disagree with Appellant's contention that trial counsel's failure to cross-examine the police officers about the omission in their reports constituted the failure to pursue an available defense. The decision to cross-examine officers about perceived deficiencies in their reports is a matter of trial strategy. It is not far-fetched to envision a scenario where the jury might view the defense in a negative light for asserting that police officers were lying because their reports were inaccurate or incomplete. Trial counsel testified that her strategy at trial was not to show that the officers were lying but, rather, to show that they were mistaken about what they observed. Her decision to not cross-examine the officers about the omission supported her trial strategy. Accordingly, we conclude that the trial court did not abuse its discretion in rejecting Appellant's claim of ineffective assistance of counsel based upon trial counsel's failure to cross-examine the police officers about their omission in their reports of finding the cocaine immediately. We overrule Appellant's first issue.

In his second issue, Appellant asserts that the trial court erred by denying Appellant's motion for new trial based on ineffective assistance of counsel as a result of the cumulative effect of trial counsel's alleged errors. Appellant asserts that trial counsel was ineffective when she (1) failed to pursue an available defense (which we addressed in Appellant's first issue), (2) failed to object to Agent Jenkins's inadmissible testimony, and (3) failed to request an instruction to disregard improper jury argument. Appellant points to the instances set out in the following two

5

paragraphs to show that trial counsel was ineffective. Because we already found that trial counsel did not err in failing to pursue the defense suggested by Appellant in his first issue, we will not consider it as part of our cumulative error analysis. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

Without objection, Agent Jenkins testified that the Mesquite Street house had "been known as an area where crack cocaine is sold." Similarly, he testified, "I received information about several males there that were selling crack cocaine, and they were concealing the crack cocaine in the yard at [the Mesquite Street house]. I was able to obtain a search warrant for that residence on that same date." He also testified, "Basically my information was [the cocaine] was being concealed outside the residence in the yard," and "Like I said, I received information that my confidential informant described the person to me and that's why we were there because I received information that they had observed him in possession of cocaine."

On cross-examination, Appellant's trial counsel asked Agent Jenkins, "Also in your affidavit asking for the search warrant you stated that within the past 48 hours your confidential informant has been at the described suspected place, which is [the Mesquite Street house], and observed the suspected party in possession of an off white rock-like substance with the suspected party reported to have crack cocaine; is that right?" In final argument, the prosecutor stressed the evidence that the Mesquite Street house had "been known as an area where crack cocaine is sold." The prosecutor stated: "This is three-generations -- three generations of a family that's been involved in cocaine. The testimony is replete there." The trial court sustained defense counsel's objection that the prosecutor's statement was "not in evidence," but defense counsel did not request the trial court to instruct the jury to disregard the argument.

Appellant asserts that trial counsel should have objected to Agent Jenkins's testimony of what he heard from a confidential informant on the ground that it

6

violated Appellant's right to confrontation. *See Langham v. State*, 305 S.W.3d 568, 580–82 (Tex. Crim. App. 2010) (holding that a statement from a confidential informant can be subject to the Confrontation Clause if its primary purpose is testimonial in nature). The Confrontation Clause bars the admission of out-of-court testimonial statements of a witness unless (1) the witness is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *Render v. State*, 347 S.W.3d 905, 917 (Tex. App.—Eastland 2011, pet. ref'd). "Post-*Crawford*, the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature."[2] *Render*, 347 S.W.3d at 917. Appellant further asserts that trial counsel should have requested that the trial court instruct the jury to disregard the prosecutor's argument.

Appellant asserts that all of trial counsel's errors taken together prejudiced his defense. We disagree. In *Ex parte Welborn*, the Court of Criminal Appeals recognized that, while individual instances of deficient performance may not prejudice the defense, deficient performance taken as a whole can compel such a holding. *See Ex parte Welborn*, 785 S.W.2d 391, 396 (Tex. Crim. App. 1990). In a concurring opinion in *Linney v. State*, Justice Cochran provided a useful outline of the cumulative error doctrine:

> We have long recognized that "a number of errors may be found harmful in their cumulative effect," even if each error, considered separately, would be harmless. However, cumulative error is an independent ground for relief, separate from the underlying instances of error. A string of harmless errors does not arithmetically create reversible, cumulative error. Instead, we look for "multiple errors [that] synergistically achieve 'the critical mass necessary to cast a shadow upon the integrity of the verdict.'"

---

[2]We note that trial counsel testified that she was not aware of the landmark decision in *Crawford*.

7

*Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (Cochran, J., concurring in refusal of pet.) (alteration in original) (footnotes omitted).

Even if we assume that trial counsel erred in failing to object to Agent Jenkins's testimony, Appellant has failed to show that such error prejudiced his defense to the point that there is a reasonable probability that the result would have been different but for counsel's alleged errors. Much of the testimony concerned information that Agent Jenkins had received from a confidential informant who had actually implicated someone else who was present at the Mesquite Street house the day Appellant was arrested. This testimony was consistent with trial counsel's strategy of showing that someone else was the actual perpetrator of the charged offense. Additionally, even if we assume that the prosecutor's jury argument was improper, it was not evidence that the jury could have considered based upon the instructions provided to the jury.[3] Even if we were to assume that trial counsel's performance was deficient in each of these instances, Appellant has failed to show that they "synergistically achieve the critical mass necessary to cast a shadow upon the integrity of the verdict." *Linney*, 413 S.W.3d at 767 (internal quotation marks omitted).

There was overwhelming evidence of Appellant's guilt. Agent Jenkins and Agent Ferrell both testified that, although there were six people in the yard, they were all wearing different clothing and that Appellant was wearing a bright yellow shirt and a green baseball cap. Agent Jenkins also testified that he saw no person other than Appellant manipulating the bottle that contained cocaine and that he saw no person other than Appellant walk to the area where the cocaine was concealed. Accordingly, Appellant has failed to show that the trial court abused its discretion in determining that there was not a reasonable probability that the outcome of

---

[3]The trial court pointed this fact out at the hearing on the motion for new trial.

Appellant's trial would have been different but for trial counsel's alleged errors. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


May 27, 2016

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.