Opinion filed August 10, 2023



## In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00150-CR & 11-22-00151-CR

_____

### ADRIAN MONROE MARTIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 13472 & 13601**

### M E M O R A N D U M   O P I N I O N

Appellant, Adrian Monroe Martin, was indicted under separate cause numbers for the offenses of burglary of a building (trial court cause no. 13472), a state jail felony, and aggravated robbery (trial court cause no. 13601), a first-degree felony. TEX. PENAL CODE ANN. §§ 29.03, 30.02(c)(1) (West 2019). Appellant entered an open plea of guilty to each offense and, after finding Appellant guilty of both

offenses, the jury assessed Appellant's punishment at two years' confinement for the burglary-of-a-building offense and thirty-five years' imprisonment for the aggravated-robbery offense; the trial court sentenced Appellant accordingly and ordered that Appellant's sentences be served concurrently. Subsequently, Appellant filed a motion for new trial and claimed, among other things, that his trial counsel's representation was deficient and ineffective. The trial court denied Appellant's motion without a hearing.

In his sole issue on appeal, Appellant argues that his trial counsel provided ineffective assistance during the punishment phase of his trial; therefore, he asserts, the trial court erred when it denied Appellant's motion for new trial on punishment. We affirm.

## I. *Factual Background*

Appellant's open plea of guilty to the offense of aggravated robbery was entered in exchange for the State's agreement not to indict him for capital murder. During the punishment phase, the State presented evidence that Appellant had assisted Markes Buchanan and Tristan Perrigo in committing this offense in which Tashaun Beavers was shot and killed. Appellant had arranged for Buchanan and Perrigo to meet and "hit a lick." Buchanan and Perrigo then went to Beavers's residence and, once inside, Buchanan shot and killed Beavers. For his participation and silence, Appellant received three thousand dollars from Buchanan.

Appellant also entered an open plea of guilty to the burglary-of-a-building offense. The State presented evidence that on September 30, 2020, Appellant "broke into" a 7-Eleven and another business called Lulu's. Appellant claimed that he did not remember breaking into the 7-Eleven because he was "really high," although he admitted at trial that his presence in the 7-Eleven was captured by the store's surveillance camera. Appellant remembered breaking into Lulu's on the same night.

2

On appeal, Appellant asserts a claim of ineffective assistance of counsel. Specifically, Appellant maintains that his trial counsel's representation was deficient and ineffective because his trial counsel failed to call Patricia Shipp to testify on Appellant's behalf as a witness who would present mitigating testimony during the punishment phase of his trial.

## II. *Standard of Review*

We review an ineffective-assistance-of-counsel claim under a two-part standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). To succeed on a claim of ineffective assistance of counsel, Appellant must satisfy both prongs of the *Strickland* standard: performance and prejudice. *Strickland*, 466 U.S. at 687. First, Appellant must show that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Perez*, 310 S.W.3d at 892–93. Second, Appellant must show that trial counsel's deficient performance prejudiced his defense, i.e., there is a reasonable probability that the result of his trial would have been different but for trial counsel's errors. *Id.* at 893; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 687–88). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694. Appellant must meet both prongs to prevail. *Perez*, 310 S.W.3d at 893.

When a claim of ineffective assistance of counsel is raised in a motion for new trial and later reasserted on appeal, we "analyze the ineffective assistance of counsel issue as a challenge to the denial of the motion for new trial." *Minassian v. State*, 490 S.W.3d 629, 641 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (quoting *Starz v. State*, 309 S.W.3d 110, 118 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd)); *see also Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012),

3

*overruled on other grounds by Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2018); *Lopez v. State*, No. 11-15-00313-CR, 2018 WL 4656270, at *3 (Tex. App.—Eastland Sept. 28, 2018, no pet.) (mem. op., not designated for publication). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Collier v. State*, 528 S.W.3d 544, 546 (Tex. App.—Eastland 2016, pet. ref'd). A trial court abuses its discretion if "no reasonable view of the record could support the trial court's ruling." *Id.*

### III. *Analysis*

Appellant's claim of ineffective assistance of counsel focuses on the punishment phase of his trial. Appellant contends that his trial counsel failed to conduct a reasonable investigation into Appellant's background in order to develop mitigating evidence to present to the jury during the punishment phase. Specifically, Appellant argues that his trial counsel was ineffective because he did not identify and present Patricia Shipp—a functionary at the Nolan County jail where he was confined before and during trial—as a witness.

Because appellate review of trial counsel's representation is highly deferential, we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689; *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (citing *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). To overcome the presumption of effective professional assistance, an appellant's claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance-of-counsel claim that is raised, such as in this case,

4

on direct appeal. *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14.

Generally, the record on direct appeal is undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). A record that provides no explanation for trial counsel's actions or inactions will not overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 813–14; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As such, if trial counsel did not have an opportunity to explain the challenged actions, we will not conclude that those actions constituted deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also Goodspeed*, 187 S.W.3d at 392; *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.").

To obtain relief based on the claim that trial counsel should have called a witness to testify at trial, the defendant must show that the witness was available to testify and that the testimony sought from the witness would have been of some benefit to his defense. *Perez*, 310 S.W.3d at 896–97; *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.— Houston [1st Dist.] 2011, pet. ref'd) (citing *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004)). To meet the availability requirement, the uncalled witness must testify at a motion-for-new-trial hearing or attest in an affidavit that she was available

to testify at the defendant's trial. *Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007).

In this case, Appellant filed a motion for a new trial, which included a declaration by Shipp. In her declaration, Shipp stated that during the punishment phase of Appellant's trial she would have testified about Appellant's progress while he was confined in the Nolan County jail. Shipp explained that Appellant managed his trauma and kept his anger under control during his confinement. We note that, although Appellant filed a motion for new trial, the trial court did not hold a hearing on the motion. Instead, the trial court denied Appellant's motion after it considered the motion, its attachments, and an affidavit submitted by Appellant's trial counsel in response to Appellant's motion.

Importantly, the record before us contains explanations from trial counsel concerning his trial strategy and trial preparation. In his affidavit, trial counsel addressed why Shipp was not called as a witness. Trial counsel stated that he was unaware that Shipp was either employed at the Nolan County jail or acquainted with Appellant because, when he asked Appellant about the availability of potential witnesses who could testify on his behalf at trial, Appellant never mentioned Shipp. Furthermore, Shipp never contacted trial counsel. Despite this, Appellant maintains that trial counsel would have been able to locate Shipp if he had performed a reasonable investigation.

The failure to uncover and present mitigating evidence cannot be justified if trial counsel has not conducted a thorough investigation of the defendant's background. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd). In determining whether trial counsel conducted an adequate investigation to uncover potential mitigating evidence and then failed to present such evidence, we focus on whether the investigation that was performed

supports counsel's decision (to not offer mitigating evidence). In other words, was counsel's decision reasonable under the circumstances. *See Wiggins v. Smith*, 539 U.S. 510, 522–23 (2003); *Goody v. State*, 433 S.W.3d 74, 80 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

An attorney's decision not to investigate or to limit the scope of his investigation is given a "heavy measure of deference" and is assessed in light of all the circumstances to determine whether reasonable professional judgment would support the decision that counsel ultimately made. *Strickland*, 466 U.S. at 691. The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Id.* Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. *Id.* When a defendant has indicated to his trial counsel reason to believe that it would be fruitless or even harmful to pursue or investigate certain matters, counsel's failure to act or to investigate may not later be challenged as unreasonable. *Id.*

Here, trial counsel investigated, located, and identified potential witnesses to present at trial despite Appellant's desire that he not do so. In his affidavit, Appellant's trial counsel noted that his focus from the outset was on the punishment that could be assessed against Appellant. Therefore, he frequently asked Appellant if he had "any witnesses in mind, who might testify to [Appellant's] otherwise good character." On one occasion, Appellant's trial counsel visited with Appellant at length and again asked Appellant to suggest potential witnesses to present at trial. Appellant replied, "I can't think of anyone - I'm pretty much alone out there." Appellant's trial counsel even suggested that Appellant's grandmother and former girlfriend were potential witnesses, but Appellant did not wish for either of them to testify.

Despite Appellant's reluctance, Appellant's trial counsel contacted Appellant's former girlfriend, Lauren Martinez. In speaking with Martinez, it became clear to trial counsel that Martinez was still fond of Appellant and that she was willing to testify. Therefore, trial counsel presented Martinez as a witness. At trial, Martinez praised Appellant, and testified that she could not say anything negative about him; she claimed that he is an amazing person and a hard worker. Martinez further testified that Appellant is a good father to their daughter and that she and their daughter visited him frequently during his confinement in the Nolan County jail because his daughter misses him. Martinez's grandparents also testified on Appellant's behalf. Martinez's grandfather testified that Appellant was "always very, very helpful, very respectful, and [he] never knew [Appellant] to be in trouble." Martinez's grandmother described Appellant as a "sweet boy" and a "good kid" who became involved with the wrong people. She testified that Appellant is a good father who is dearly missed by his daughter, and that it would be difficult for their family to lose him.

Contrary to Appellant's assertions, the record shows that Appellant's trial counsel investigated, pursued potential witnesses and mitigating evidence, and presented such evidence on Appellant's behalf during the punishment phase. It is reasonable to conclude that, based on his investigation, counsel determined that the best trial strategy would be to present mitigation evidence through the testimony of Martinez and her grandparents. In light of his efforts, we cannot say that trial counsel's complained-of conduct (the alleged failure to investigate and to present witnesses at trial) constitutes deficient performance. *Kelly v. State*, No. 11-19-00331-CR, 2021 WL 5115492, at *4–5 (Tex. App.—Eastland Nov. 4, 2021, no pet.) (mem. op., not designated for publication); *Dobbins v. State*, No. 11-18-00230-CR, 2020 WL 5085020, at *3 (Tex. App.—Eastland Aug. 27, 2020, pet. ref'd) (mem.

8

op., not designated for publication); *Rodriguez v. State*, No. 11-17-00214-CR, 2020 WL 1887716, at *6 (Tex. App.—Eastland Apr. 16, 2020, pet. ref'd) (mem. op., not designated for publication); *Thomas v. State*, No. 11-14-00355-CR, 2016 WL 7649907, at *4 (Tex. App.—Eastland Dec. 22, 2016, pet. ref'd) (mem. op., not designated for publication).

Nevertheless, even if trial counsel's performance was found to be deficient, and we do not hold that it was, a defendant is prejudiced by such deficiency only when trial counsel fails to present any evidence of mitigating factors "to balance against the aggravating factors presented by the State" because he did not perform a meaningful investigation, develop mitigation evidence, or contact potential mitigation witnesses. *Shanklin*, 190 S.W.3d at 165. Here, trial counsel did present mitigating evidence from Appellant's former girlfriend and her grandparents, which provided the jury with the opportunity to balance the mitigating factors against the aggravating factors in their determination of an appropriate punishment. The record is devoid of any evidence indicating that there is a reasonable probability that the outcome of the punishment phase and the sentences recommended by the jury would have been less severe if Shipp had testified. Moreover, the punishment recommended by the jury for the aggravated robbery offense (thirty-five years) is on the lower end of the punishment range for a first-degree felony offense and fifteen years less than the fifty-year sentence requested by the State.

Based on our review of the record, we conclude that Appellant failed to establish that his trial counsel's representation fell below an objective standard of reasonableness or that the result of his punishment trial would have been different but for trial counsel's alleged deficiencies. As such, the trial court did not abuse its discretion when it denied Appellant's motion for new trial. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


August 10, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

10