

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00214-CR

---

**TODD PARKER GOFORTH, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 33859A, Honorable Dee Johnson, Presiding

---

January 14, 2026

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Todd Parker Goforth, appeals from his conviction, following a guilty plea, of the second-degree offense of robbery.[1]  He was placed on deferred adjudication community supervision.  In early 2025, the State moved to adjudicate Appellant's guilt.  Following a hearing, the trial court adjudicated Appellant guilty, revoked his community supervision, and sentenced him to fifteen years of imprisonment.  By this appeal,

---

[1] *See* TEX. PENAL CODE § 29.02.

Appellant contends the trial court violated his due process right to be present at his revocation proceeding and challenges the effective assistance of his trial counsel. We will affirm as modified herein.

## BACKGROUND

A hearing on the State's motion was held in June 2025. Counsel for Appellant was present, but Appellant refused to appear in court. Counsel informed the court that Appellant had also refused counsel's attempts to visit him to discuss the case.

The court made inquiries of counsel concerning his opinion of his client's competence. Counsel said he had dealt with Appellant many times in the past and never saw a reason to file any motions concerning competency. He acknowledged Appellant appears to have some "personality-type issues" that can "kind of cause him trouble," but nothing that "would render him incompetent or insane." Of his refusal to appear in court, counsel said that Appellant was sometimes compliant but other times, was belligerent and combative. He believed Appellant's refusal to appear in court on this occasion stemmed from his desire to avoid the effects of his actions.

The court further inquired and examined a witness, a security officer for Randall County, concerning Appellant's refusal to appear. She explained Appellant refused, utilizing "colorful language," despite knowing the hearing was scheduled and everyone was waiting on him. The court then decided to try another method for appearance and offered Appellant the opportunity to appear via Zoom. Counsel contacted the detention center and was informed Appellant refused to exit his cell, to speak with counsel via phone, or to appear for the hearing via Zoom. The court then made a finding that

2

Appellant was not cooperating. The court considered him to be pleading "not true" to the motion and required the State to offer evidence to demonstrate the alleged violations.

The hearing proceeded, the trial court took judicial notice of the file in the case, and the parties presented evidence. At the conclusion of the hearing, the court found the allegations in the motion to be true, with the exception of Paragraph 1A because the State waived it. It then deferred further proceedings until another day to attempt to secure Appellant's appearance. That day came on July 22, 2025. Following a short proceeding, the trial court sentenced Appellant to imprisonment for a term of 15 years. Appellant did not raise any complaints at that time; he inquired only of the court the reasons for the sentence. This appeal followed.

**ANALYSIS**

Due Process Right to be Present During Proceeding

By his first issue, Appellant contends his due process rights were violated because the trial court conducted the adjudication proceeding in his absence. He contends the evidence was insufficient to show he received notice of the hearing and was further insufficient to show why he refused to leave his cell, arguing he could have been unwell or having a mental health episode. We resolve the issue against him.

A defendant has the right to be present at hearings on motions to adjudicate guilt. *Hughes v. State*, 691 S.W.3d 504, 514–15 (Tex. Crim. App. 2024); *see also Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.) ("[i]n a community-supervision revocation proceeding, a defendant's right to be present . . . is protected by the due process clauses of the Texas and United States Constitutions"). This right,

3

however, is waivable. *Hughes*, 691 S.W.3d at 518–19. And, proceedings against a defendant may proceed in his absence if the absence is voluntary. *Simon v. State*, 554 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We defer to the trial court's determination of voluntariness when there is no contrary evidence. *Id.; see also Segrest v. State*, No. 09-24-00015-CR, 2025 Tex. App. LEXIS 3606, at *6 (Tex. App.—Beaumont May 28, 2025, pet. ref'd) (mem. op., not designated for publication) (noting same).

In this case, Appellant refused to appear in court in person, despite being given the opportunity to do so. A security officer testified to unsuccessful efforts made. Appellant further refused the trial court's offer of appearance via Zoom. No evidence was offered to contradict that of voluntary absence. The trial court did not, therefore, abuse its discretion in finding Appellant voluntarily absented himself from the proceeding and waived his right to be present. *Staten*, 328 S.W.3d at 906.

Ineffective Assistance of Counsel

Via his remaining six issues, Appellant challenges the effectiveness of his trial counsel's assistance. He claims counsel was ineffective 1) in failing to move for a continuance; 2) in failing to object to proceeding in absentia; 3) in revealing potentially privileged information that might prove to be harmful to Appellant; 4) in failing to seek a psychological evaluation of his client; and 5) by offering no evidence in mitigation of punishment. Lastly, he claims the cumulative deficient performance of counsel requires reversal. We overrule the issues.

4

The Sixth Amendment of the United States Constitution and the Texas Constitution guarantee a criminal defendant the right to reasonably effective assistance of counsel. *Yonko v. State*, 702 S.W.3d 844, 853–854 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd) (citing U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10); *see Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The right to effective assistance of counsel requires objectively reasonable representation, not errorless performance. *Yonko*, 702 S.W.3d at 854 (citing *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

To show trial counsel provided ineffective assistance, an appellant bears the burden to demonstrate by a preponderance of the evidence that 1) counsel's performance was deficient, and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Both prongs must be established. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

To satisfy the first prong, an appellant must show that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687–88. Under the second prong, an appellant must demonstrate prejudice or a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Yonko*, 702 S.W.3d at 854 (citing *Strickland*, 466 U.S. at 694). A reasonable probability is one sufficient to undermine confidence in the outcome. *Yonko*, 702 S.W.3d at 854.

For an appellate court to find that counsel was ineffective, "counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Id.* "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Id.* Furthermore, a claim of ineffective assistance of counsel also requires proof of prejudice. *Id.; Bone v. State*, 77 S.W.3d 828, 837 (Tex. Crim. App. 2002). Most of the time, the record on direct appeal is undeveloped regarding the motive behind counsel's actions and thus inadequate to prove a claim of ineffective assistance. *Yonko,* 702 S.W.3d at 854.

When counsel "has had no opportunity to explain his actions, we will assume a strategic motive . . . and find counsel deficient only if his conduct was so outrageous that no competent attorney would have engaged in it or, stated differently, if no reasonable trial strategy could justify counsel's actions." *Hart v. State*, 667 S.W.3d 774, 783 (Tex. Crim. App. 2023). Appellant has not shown that trial counsel was deficient or ineffective in this matter. *See Murphy v. State*, No. 11-23-00173-CR, 2025 Tex. App. LEXIS 331, at *13 (Tex. App.—Eastland Jan. 24, 2025, no pet.) (mem. op., not designated for publication) (no showing of deficiency where reasonable trial strategy could justify counsel's actions).

Moreover, Appellant has not explained how the outcome of the proceeding would have been different if counsel engaged in different behavior. A "not true" plea as to each allegation was entered on Appellant's behalf; the State was required to, and did, present evidence supporting the allegations; and counsel participated in the hearing. Appellant does not explain what he would have gained if counsel asked for a continuance or if

counsel would have objected to proceeding in absentia. *See Rodgers v. State*, No. 05-20-00211-CR, 2022 Tex. App. LEXIS 2321, at *9–10 (Tex. App.—Dallas Apr. 11, 2022, no pet.) (mem. op., not designated for publication) (finding burden not met because record contained no evidence of counsel's reasons for not requesting continuance and trial court proceeded with hearing at its own insistence). He further does not explain what allegedly privileged information was shared, how he was allegedly harmed by it, or what would have been gained by having his competence or mental health questioned.[2] *See Parra v. State*, No. 05-10-00399-CR, 2011 Tex. App. LEXIS 5600, at *3–4 (Tex. App.—Dallas July 22, 2011, no pet.) (mem. op., not designated for publication) (discussing when competency inquiry required and finding no ineffective assistance of counsel when no bona fide doubt as to competency had been raised). He also does not set forth what, if any, mitigating punishment would have been offered. *See Montez v. State*, No. 04-20-00033-CR, 2021 Tex. App. LEXIS 7942, at *6 (Tex. App.—San Antonio Sept. 29, 2021, pet. ref'd) (mem. op., not designated for publication) ("[b]ecause the record fails to show what mitigating evidence Montez contends should have been discovered and that the evidence was available, he has failed to show that any available mitigating evidence, when weighed against the State's aggravating evidence, would undermine our confidence in the outcome"). We therefore cannot find Appellant has satisfied his burden to show his counsel was ineffective.

---

[2] In his brief, Appellant says only that counsel did not seek an evaluation or "apparently even consider the possibility that his client might be suffering from mental illness and unable to cooperate." Appellant does not bring forth any evidence of any mental health condition that would render his failure to cooperate a symptom of such condition rather than a conscious choice to avoid the consequences of his actions.

Lastly, while it is plausible that a number of errors may be found harmful in their cumulative effect, no authority holds that non-errors may in their cumulative effect cause error. *Gallegos v. State*, No. 13-14-00135-CR, 2015 Tex. App. LEXIS 6763, at \*8 (Tex. App.—Corpus Christi–Edinburg July 2, 2015, no pet.) (mem. op., not designated for publication) (citing *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (en banc)); *see also Holbert v. State*, 665 S.W.3d 120, 126–27 (Tex. App.—Amarillo 2023, pet. ref'd) (noting same). Further, appellate courts look for "multiple errors [that] synergistically achieve 'the critical mass necessary to cast a shadow upon the integrity of the verdict.'" *Collier v. State*, 528 S.W.3d 544, 549 (Tex. App.—Eastland May 2016, pet. ref'd) (quoting *Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013)). We cannot find, based on the record before us, cumulative reversible error.

Fees and Fine

We do, however, note a few additional issues. During our review of this case, we discovered that the Bill of Costs included a time payment fee of $15 assessed against Appellant. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

8

We note also that at the sentencing hearing, the trial court announced there would be "no fine" assessed. However, the written judgment includes a $1,000 fine. "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). Because the trial court announced there would be "no fine," that pronouncement controls. We reform the judgment and Bill of Costs to delete the $1,000 fine assessed against Appellant.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court as modified herein.

Judy C. Parker
Justice

Do not publish.