**Timothy Garrett LINNEY, Appellant**

v.

**The STATE of Texas.**

No. PD–0675–13.

Court of Criminal Appeals of Texas.

Nov. 27, 2013.

George McCall Secrest Jr., Attorney at Law, Houston, TX, for Appellant.

Devon Anderson, District Attorney Harris County, Appellate Section, Houston, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

COCHRAN, J., filed a statement concurring in the refusal of appellant's petition.

I agree with the Court's decision to refuse appellant's petition for discretionary review. I write separately to clarify the application of Rule 38.1[1] to briefs raising the issue of cumulative error.

A jury convicted appellant of indecency with a child[2] and assessed punishment at eight years' confinement, probated for eight years. On appeal, appellant raised several points of error, including claims that the trial court erroneously (1) limited the cross-examination of certain witnesses, and (2) admitted hearsay testimony. Appellant also raised a claim of cumulative error. After citing legal authority on cumulative error, appellant argued as follows:

> It is respectfully submitted that the errors herein demonstrate that the trial court abused its discretion in the rulings that it made, and as a result, when viewed separately or cumulatively, the substantial rights of the appellant were adversely affected. Tex.R.App. P. 44.2(b). In addition, it cannot be said beyond a reasonable doubt that the errors set forth in Points of Error One and Two did not contribute to the conviction or punishment herein.

The court of appeals declined to reach the merits of the cumulative-error argument, concluding that appellant had failed to adequately brief the issue for review.[3] Appel-

1. Tex.R.App. P. 38.1.

2. See Tex. Penal Code § 21.11(a).

3. *Linney v. State,* 401 S.W.3d 764, 782–83 (Tex.App.-Houston [14th Dist.] 2013).

lant then filed a petition for discretionary review with this Court.[4]

## I.

An appealing party's brief must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[5] Failure to provide substantive legal analysis— "to apply the law to the facts"[6]—waives the point of error on appeal.[7] If the appealing party fails to meet its burden of adequately discussing its points of error,[8] this Court will not do so on its behalf.[9]

We have long recognized that "a number of errors may be found harmful in their cumulative effect," even if each error, considered separately, would be harmless.[10] However, cumulative error is an independent ground for relief, separate from the underlying instances of error.[11] A string of harmless errors does not arithmetically create reversible, cumulative error.[12] Instead, we look for "multiple errors [that] synergistically achieve 'the critical mass necessary to cast a shadow upon the integrity of the verdict.'"[13]

## II.

We cannot grant appellant's petition for discretionary review because he failed to adequately brief the issue of cumulative error on direct appeal. Appellant merely claimed that there was cumulative error and that this cumulative error adversely affected his substantial rights. Appellant neither specified *which* underlying errors cumulatively affected his rights[14] nor described *how* those underlying errors acted synergistically to deprive him of his rights.

4. Appellant's relevant ground for review is as follows:

> (4) Does an appellant fail to preserve the issue of "cumulative error" in a case wherein the Court of Appeals has found either constitutional or non-constitutional error in at least three of the four points of error presented on appeal, the issue of "cumulative error" was raised as an independent or separate point of error, case law addressing "cumulative error" as well as citations to the Texas Rules of Appellate Procedure were provided in that point of error, but the appellant although specifically referencing "points of error number one through four" did not repeat the arguments previously asserted in his brief?

5. Tex.R.App. P. 38.1(I).

6. *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex.Crim.App.2003).

7. *Id.*

8. *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. struck).

9. *See, e.g., Swearingen*, 101 S.W.3d at 100; *Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim.App.1992).

10. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App.1999).

11. *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir.1996).

12. *Grant v. Trammell*, 727 F.3d 1006, 1025–26 (10th Cir.2013) ("The task is undoubtedly more subtle than simply counting up the number of errors discovered."); *see also Cargle v. Mullin*, 317 F.3d 1196, 1221 (10th Cir. 2003) ("We emphasize, however, that these were not isolated, insular errors scattered randomly throughout the proceedings."); *People v. Hill*, 17 Cal.4th 800, 72 Cal.Rptr.2d 656, 952 P.2d 673, 699 (1998) ("Considered together, we conclude [the errors] created a negative synergistic effect, rendering the degree of overall unfairness to defendant more than that flowing from the sum of the individual errors.").

13. *Williams v. Drake*, 146 F.3d 44, 49 (1st Cir.1998) (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1196 (1st Cir.1993)); *Cargle*, 317 F.3d at 1221.

14. *See, e.g., Johnson v. United States*, No. 07–20096–CM, 2011 WL 890718, at *9 (D.Kan. Mar. 11, 2011). (not designated for publication).

Further, appellant did not identify the substantial rights impaired by the claimed cumulative error. One can imagine, for example, an argument that the improper limitation of cross-examination of certain witnesses, coupled with the improper admission of hearsay testimony (perhaps testimony that could have been rebutted by the allowance of cross-examination), might have worked together to prevent appellant from fully presenting a defense under the Sixth Amendment. But this argument was not made or logically developed. Appellant merely made a conclusory argument that recited the elements of his stated grounds for relief.[15] This falls far short of satisfying his obligation to adequately discuss his cumulative-error claim.[16]

Appellant's PDR stated that a more detailed argument would only "regurgitat[e] and restat[e] ... previously asserted arguments as to why the errors were not harmless." Appellant notes that he has no desire to "elongat[e] an already lengthy brief"; likewise, we have no desire to see litigants' briefs become as long as Homer's epics.[17] But the key question here is not the length of the argument, but whether the law was applied to the facts.[18] Cumulative error is an independent legal claim [19] that requires the law of cumulative error to be separately applied to the specific facts.[20] Appellant need not repeat the same facts *ad nauseam* under each point of error,[21] but his arguments on an issue must refer to the facts with enough specificity to "direct the attention of the appellate court to the error about which complaint is made." [22] Without measurably adding to his brief's length, appellant could have specified the underlying errors, described their synergistic effect, named the adversely affected right and how the combination of errors adversely affected that right.[23] Instead, appellant effectively delegated to the court of appeals the responsibility of applying the general "cumulative error" law to the record without any guidance on why the combined effect of these particular errors in this particular case combined to deprive him of some unspecified but substantial right. Under these circumstances, the court of appeals properly refused to address the merits of appel-

---

15. *See, e.g., United States v. Celio*, 463 Fed. Appx. 755, 758 n. 2 (10th Cir.2012), *cert. denied*, — U.S. ——, 133 S.Ct. 836, 184 L.Ed.2d 663 (2013); *Nicholas v. People*, 56 V.I. 718, 750 n. 24 (2012).

16. *See Martinez*, 218 S.W.3d at 844.

17. Like the Texas Supreme Court, we seek "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Few v. State*, 230 S.W.3d 184, 189 (Tex.Crim.App.2007) (internal quotation marks and citations omitted).

18. *Swearingen*, 101 S.W.3d at 100.

19. *See, e.g., Elery v. Commonwealth*, 368 S.W.3d 78, 100 (Ky.2012).

20. *See Fletcher v. Edwards*, 26 S.W.3d 66, 81 n. 1 (Tex.App.-Waco 2000, pet. denied)

("Each issue or related group of issues presented in a brief should be separately briefed.").

21. *See, e.g. Weaver v. Southwest Nat'l Bank*, 813 S.W.2d 481, 482 (Tex.1991).

22. *Texas Mexican Ry. v. Bouchet*, 963 S.W.2d 52, 54 (Tex.1998) (internal quotation marks and citations omitted).

23. Our reading of Rule 38.1 has never encouraged length for length's sake. This Court has previously ruled on the merits of a cumulative error claim that was supported by only a single paragraph in the appellant's brief. *See, e.g., Feldman v. State*, 71 S.W.3d 738, 757 (Tex.Crim.App.2002). The defendant's brief in *Feldman*, however, stated that multiple mistakes during *voir dire* combined to deprive him of due process.

lant's argument.[24]

With these comments, I join in the Court's refusal of appellant's petition for discretionary review.

---

24. *See, e.g., Maranatha Temple v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex.App.-Houston [1st Dist.] 1994, writ denied); *Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.-Dallas 1987, writ ref'd n.r.e.); *see also Lentino v. Cullen Ctr. Bank & Trust*, No. 14–00–00692–CV, 2002 WL 220421, at *6, 2002 Tex.App. LEXIS 1155, at *17 (Tex.App.–Houston [14th Dist.] Feb. 14, 2002, pet. denied) ("It is not incumbent on an appellate court to perform the advocate's job for a party.") (not designated for publication).