

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00185-CR

RONALD J. COLEMAN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury convicted Appellant Ronald J. Coleman of one count of aggravated sexual assault of a disabled person and one count of injury to a disabled person causing bodily injury. *See* Tex. Penal Code Ann. §§ 22.021(a)(2)(c), 22.04(f) (West Supp. 2013). The jury assessed his punishment at twelve years'

---

[1]*See* Tex. R. App. P. 47.4.

imprisonment for the aggravated sexual assault conviction and at five years' imprisonment for the injury to a disabled person conviction, and the trial court sentenced him accordingly. In two points, Coleman argues that his convictions violate double jeopardy and that the trial court abused its discretion and violated Coleman's confrontation rights by limiting his cross-examination of certain witnesses. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Coleman was employed as a driver of Mobility-Impaired Transportation Services (MITS) vehicles. S.L., who is mentally impaired, used MITS for transportation to and from her job. At the time of the incident, S.L. was twenty-seven years old and lived with her mother, A.L. One day when a MITS vehicle dropped off S.L. at home after work, A.L. noticed that S.L. was acting strange. S.L. told A.L. that the MITS driver, later identified as Coleman, had "hurt" her. A.L. took S.L. to the emergency room, and police interviewed S.L. there. S.L. told police officers that Coleman had "stuck his hand under her clothes, inserted one of his fingers in her vagina, which . . . caused her pain, and then also squeezed her vaginal area, which . . . caused her pain."

## III. DOUBLE JEOPARDY

In his first point, Coleman argues that his convictions for both sexual assault of a disabled person and injury to a disabled person causing bodily injury violate double jeopardy.

2

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V. Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006). Coleman's complaint involves the third situation.

Impermissible multiple punishments occur when the same criminal act is punished twice under two distinct statutory provisions and the legislature intended that the conduct be punished only once. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). The ultimate question is whether the legislature intended to impose multiple punishments. *Langs*, 183 S.W.3d at 688; *see Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 678 (1983). When the legislature specifically authorizes multiple punishments under two statutes, even if those two statutes proscribe the same conduct, "a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 368–69, 103 S. Ct. at 679

Penal code section 22.04 defines the offense of injury to a disabled person. *See* Tex. Penal Code Ann. § 22.04. The legislature plainly authorized

3

multiple punishments when a defendant's conduct violates both section 22.04 and another penal code section; subsection 22.04(h) states, "A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections." *Id.* § 22.04(h); *see McCrary v. State*, 327 S.W.3d 165, 170–72 (Tex. App.—Texarkana 2010, no pet.); *Johnson v. State*, 208 S.W.3d 478, 510–11 (Tex. App.—Austin 2006, pet. ref'd); *see also Littrell v. State*, 271 S.W.3d 273, 278 (Tex. Crim. App. 2008) (explaining that "[t]he [l]egislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense" and offering as an example section 22.04(h)).

Coleman was prosecuted under section 22.04 for injury to a disabled person and under penal code section 22.021 for aggravated sexual assault of a disabled person, and because subsection 22.04(h) expressly authorizes multiple punishments under these circumstances, we hold that Coleman's rights against double jeopardy were not violated. *See McCrary*, 327 S.W.3d at 170–72 (finding no double jeopardy violation based on convictions for injury to an elderly person, aggravated assault with a deadly weapon, and aggravated robbery, all of which involve the same act, same injury, and same individual); *Johnson*, 208 S.W.3d at 510–11 (holding that convictions for injury to an elderly person and capital murder did not violate double jeopardy protections because multiple convictions were plainly authorized under the statute). We overrule Coleman's first point.

## IV. LIMITATIONS ON CROSS-EXAMINATION

In his second point, Coleman argues that the trial court abused its discretion by prohibiting defense counsel from cross-examining A.L. and a police officer regarding a prior allegation of sexual assault made by S.L. and A.L. against two former teachers of S.L. and regarding an accusation by S.L. that A.L. had physically assaulted her. Coleman argues that the exclusion of this evidence violated his constitutional right to confrontation.

### A. Standard of Review and Applicable Law

A trial judge's decision under the rules of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). Even when the trial judge gives the wrong reason for his decision, we will sustain the ruling if it is correct on any theory of law applicable to the case. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).

Evidence is relevant when it has a tendency to make the existence of any fact more probable or less probable than it would have been without the evidence. Tex. R. Evid. 401. Rule 403 allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Tex. R. Evid. 403; *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1056 (2006). The trial court is in a superior position to gauge

5

the impact of relevant evidence in evaluating its determination under rule 403. *See Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Rule 608 governs the admissibility of evidence aimed at impeaching a witness's credibility. Tex. R. Evid. 608. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in rule of evidence 609, may not be inquired into on cross-examination of the witness. Tex. R. Evid. 608(b). However, the Confrontation Clause occasionally may require the admissibility of evidence that the rules of evidence would exclude. *See Billodeau*, 277 S.W.3d at 40; *Lopez v. State*, 18 S.W.3d 220, 225–26 (Tex. Crim. App. 2000); *see also* U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004). In determining whether evidence must be admitted under the Confrontation Clause, the trial court must balance the probative value of the testimony against the risk its admission entails. *Lopez*, 18 S.W.3d at 222. Evidence of a prior allegation of sexual abuse against another person may be admissible to impeach the credibility of the complaining witness if there is a showing that the allegation was false. *Hughes v. State*, 850 S.W.2d 260, 262 (Tex. App.—Fort Worth 1993, pet. ref'd); *Rushton v. State*, 695 S.W.2d 591, 594 (Tex. App.—Corpus Christi 1985, no pet.); *Thomas v. State*, 669 S.W.2d 420, 423 (Tex. App.—Houston [1st. Dist.] 1984, pet. ref'd).

## B. Prior Sexual Assault Allegation

The trial court held a hearing outside the jury's presence regarding the prior sexual assault allegation against two of S.L.'s former teachers. A.L. testified at the hearing that the allegation was reported to the police and the school. At the conclusion of the hearing, Coleman argued that the evidence was relevant to show that S.L., due to her mental capacity, had transferred the incident with her teachers onto Coleman.

We have reviewed the sealed record of the hearing in which A.L. explained the prior sexual assault allegation, and the prior sexual assault incident with S.L.'s teachers is in no way similar to the sexual assault allegation against Coleman. Even assuming this evidence was relevant, because the allegation of the prior sexual assault incident was not the same as the allegation here, its probative value to show that S.L. was confusing the incidents was slight. Instead, the trial court could have reasonably concluded that the threat of confusion of the issues and unfair prejudice outweighed any probative value. *See* Tex. R. Evid. 403; *cf. also Wiley v. State*, 74 S.W.3d 399, 406–07 (Tex. Crim. App.) (holding that appellant failed to satisfy burden to show nexus between crime charged and his alleged "alternative perpetrator" theory), *cert. denied*, 537 U.S. 949 (2002).

Later at trial, Coleman presented an alternative argument for admissibility of this evidence, asserting that it was admissible as a prior false allegation of sexual abuse. According to Coleman, the prior sexual assault allegation was

7

admissible to show that A.L. has made up "some of the craziest allegations in the world" against people whom she thinks have wronged her daughter and to show the type of control A.L. exercises over her daughter.

Coleman asserted that the allegation was false because no investigation had been conducted after A.L. and S.L. reported the incident involving S.L.'s teachers. But nothing in the record demonstrates that the allegation was false. *See Lopez*, 18 S.W.3d at 225–26 (noting that evidence that case was "closed" and "ruled out" could simply indicate a lack of evidence to prove allegation at that time or an administrative decision); *Karnes v. State*, No. 05-92-02719-CR, 1994 WL 67725, at *2 (Tex. App.—Dallas Mar. 4, 1994, pet. ref'd) (not designated for publication) (explaining that when evidence of falsity is of weak probative value, trial court does not abuse discretion by excluding evidence).

Consequently, for the above reasons, we hold that the trial court did not abuse its discretion by excluding evidence of the prior sexual assault allegation.

### C. Allegations of Physical Abuse by A.L.

At trial, defense counsel attempted to cross-examine A.L. about an allegation S.L. had made that her mother had hit her and injured her back a month before she accused her teachers of sexually assaulting her. Coleman argues that this testimony was admissible because it demonstrates A.L.'s "extreme influence" over S.L. and her ability to influence S.L. to falsify allegations against others, such as her former teachers and now Coleman. But Coleman does not point to any evidence that A.L. hit S.L. in order to get S.L. to lie about

8

being sexually assaulted.  We fail to see how evidence that S.L. had allegedly hit A.L., without more, is relevant to A.L.'s veracity.  *See* Tex. R. Evid. 401; *see also, e.g.*, *Garcia v. State*, 397 S.W.3d 860, 864 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding evidence of victim's mother sending defendant's daughter sexually inappropriate text messages was irrelevant to show that mother manipulated victim into falsely accusing appellant of sexual assault).  The trial court's determination to exclude this evidence was within the zone of reasonable disagreement, and we will not substitute our own judgment on appeal.[2]  *See Tillman*, 354 S.W.3d at 435; *Billodeau*, 277 S.W.3d at 39.

Having addressed all of Coleman's arguments in his second point, we overrule it.

---

[2]Coleman also argues on appeal that the exclusion of this evidence violated his right to confrontation, but he did not assert a confrontation objection to the exclusion of this evidence at trial.  Thus, he did not preserve his confrontation argument for appeal.  *See* Tex. R. App. P. 33.1(a)(1); *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991) (stating that evidentiary and constitutional errors "are neither synonymous nor necessarily coextensive"); *Linney v. State*, 401 S.W.3d 764, 773 (Tex. App.—Houston [14th Dist.]), *pet. ref'd*, 413 S.W.3d 766 (Tex. Crim. App. 2013).

## V. CONCLUSION

Having overruled both of Coleman's points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 19, 2014