

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00270-CR
No. 07-22-00271-CR

DAMON WILDCAT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 31st District Court
Gray County, Texas
Trial Court Nos. 11,140 & 11,954, Honorable Steven R. Emmert, Presiding

August 9, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Damon Wildcat appeals from two convictions. That entered in cause number 11,140 consisted of continuous sexual abuse of a child under 14. That in 11,954 consisted of aggravated sexual assault of a child. The accusations were tried together. Two issues pend for disposition. The first involves the admission of evidence to which he did not object. The second implicates the jury charge submitted during the guilt/innocence phase of the trial. We affirm.

### Background

The two victims, HG and ZG, were minors and appellant's former step-granddaughters. His conduct came to light when their mother found text messages on HG's cellphone. They revealed various sexual acts appellant committed on HG. Thereafter, ZG revealed appellant engaged in similar activity with her.

Two indictments issued as a result of the accusations, their investigation, and appellant's interview statements. Through both, the State charged him with committing continuous sexual abuse of a child. A jury was convened to try the allegations, and during the trial, the court admitted the aforementioned texts without objection from appellant.

Ultimately, the jury charge submitted at the end of the guilt phase of the trial in cause number 11,954 (ZG) contained instructions on both continuous sexual abuse and the lesser included offense of aggravated sexual assault. That submitted in cause number 11,140 (HG) contained only an instruction on continuous sexual abuse of a child. The jury found appellant guilty in both proceedings, though not for the same offense. While concluding he engaged in continuous sexual abuse against HG in 11,140, it decided he only committed aggravated sexual assault upon ZG in 11,954.

### Issue One—Admission of Text Messages

Through his first issue, appellant contends the trial court abused its discretion when it admitted into evidence the text messages. Yet, no objection was uttered to their admission. Such was necessary to preserve the matter for appeal. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); TEX. R. APP. P. 33.1(a). His withholding objection means the complaint went unpreserved, for which reason we overrule it.

2

***Issue Two—Jury Instructions***

Appellant's second issue is composed of two parts. Through the first, he contends that the trial court erred when it refused to clarify the charge regarding continuous sexual abuse of a young child to clearly refer to each child. The second interjects the topic of a lesser included offense; he believes the trial court erred in refusing to submit in cause number 11,140 the same one it did in cause number 11,954, namely the lesser offense of aggravated sexual assault of a child. We overrule these arguments as well.

Regarding the former, appellant believes the charge permitted the jury to convict him of continuous sexual abuse of both children "based upon an improper combination of acts, thus violating basic principles of jury unanimity." In other words, he thought it permitted the jury to consider acts committed against HG when assessing his guilt for sexually abusing ZG and vice-versa. So, clarification allegedly was needed to assure that the jurors only considered purported acts committed on 1) HG when assessing his guilt in 11,140 and 2) ZG when assessing guilt in 11,954. Perusing the charges reveals that the court did just that.

Through the charge in 11,954, the trial court instructed the jury it could convict appellant of continuous sexual abuse if it found he "did then and there, during a period that was 30 days or more days in duration, to-wit: from on or about April 27, 2012, through April 27, 2017, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse ***against Z.G.*** . . . ." (Emphasis added). Like verbiage appeared in the charge guiding the jurors in 11,140. There, they were told a conviction was appropriate if they determined he "did then and there, during a period that was 30 days or more days in duration, to-wit: from on or about January 12, 2012, through June 4, 2017, when the defendant was 17 years of age or older, commit two or more acts of

3

sexual abuse **against H.G.** . . . ." (Emphasis added). Reading this language in context reveals that the jurors were told to consider only acts involving HG when assessing guilt in 11,140 and only acts involving ZG when assessing guilt in 11,954. Further clarification was unnecessary.

Regarding the matter of an omitted charge on the lesser offense of aggravated assault in 11,140, the argument rests on two pillars. One concerns the submission of the charge in 11,954. The other is the purported identity of facts underlying the accusations in both proceedings. Because both supposedly involved the same facts and the court included the lesser offense in 11,954, then it should have similarly charged the jurors in 11,140. We encounter two obstacles to sustaining the argument.

First, appellant provided us with neither 1) citation to legal authority explaining when the submission of lesser included offenses is appropriate or 2) analysis applying that legal authority to the record at bar. Indeed, the State noted appellant's failure to cite to evidence illustrating that if he was guilty of anything, it was only of a lesser offense. Without citation to pertinent legal authority and analyzing it in relationship to the evidentiary record, appellant waived the complaint through inadequate briefing. *See Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (stating that "[a]n appealing party's brief must contain a 'clear and concise argument for the contentions made, with appropriate citations to authorities and to the record'" and the "[f]ailure to provide substantive legal analysis—'to apply the law to the facts'—waives the point of error on appeal").

Second, to agree with appellant would require us to assume that legal authority coupled with the evidence obligated the trial court to submit the lesser charge in 11,954. Simply submitting it in one proceeding does not ipso facto establish that the law required

4

its submission, however. More importantly, appellant made no effort to establish the propriety of the submission in 11,954. So, we cannot say that because it was submitted in 11,954, legal authority and pertinent facts required its submission in 11,140. Of course, that also assumes that the evidence of guilt in both was the same, which our review of the record illustrated it was not. Appellant admitted to and the evidence illustrated numerous acts of sexual abuse viz HG. The same was not true regarding ZG. In short, the availability of a lesser included offense arises when affirmative evidence tends to negate an element of the greater offense. *Garcia-Morales v. State*, Nos. 07-19-00267-CR, 07-19-00268-CR, 07-19-00269-CR, 2021 Tex. App. LEXIS 4924, at *6 (Tex. App.—Amarillo June 21, 2021, no pet.) (mem. op., not designated for publication). It is not available when the evidence supporting a conviction for the lesser offense would also support a conviction for the greater. *See id.* (stating the evidence, if believed, must permit a jury to rationally conclude that the defendant is guilty of only the lesser offense). Regarding cause number 11,140, the evidence fell within the latter category since the multiple assaults upon his ex-step-granddaughter would have supported a conviction for either aggravated sexual assault or continuous sexual abuse.

Having overruled appellant's issues, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.


5