

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00217-CR

---

ANTONIO QUINTALL MCGREGOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 32011C, Honorable Dan Schaap, Presiding[1]

---

May 29, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant Antonio Quintall McGregor, was convicted by a jury of aggravated assault with a deadly weapon, enhanced by two prior felonies.[2] The jury assessed punishment at fifty years' confinement. Appellant presents six issues

---

[1] Senior Justice, retired, sitting by assignment. TEX. GOV'T CODE ANN. § 75.002(a).

[2] TEX. PENAL CODE ANN. § 22.02(a)(2); § 12.42(b) (elevating punishment for a second degree felony to that of a first degree felony).

challenging his conviction. By his first five issues, he alleges abuse of discretion by the trial court in various evidentiary rulings as follows:

(1) admitting hearsay testimony under the excited utterance exception;

(2) allowing opinion testimony from a witness who was not qualified as an expert;

(3) allowing the complaining witness to testify about alleged prior instances of misconduct;

(4) admitting photos purportedly depicting prior injuries sustained by the complaining witness; and

(5) admitting photos of the police cruiser from the night in question.

By his sixth issue, Appellant asserts the alleged errors constitute cumulative error sufficient to warrant reversal. We affirm.

## BACKGROUND

Appellant and the complainant initially met online and began a dating relationship while living in Oklahoma City. They married in 2020.[3] Over objection, the complainant testified that as their relationship progressed, his abuse escalated and she decided to move to Texas. When she was packing her belongings, Appellant punched her in the head, threw her to the floor, and then choked her.[4]

After the complainant was settled in Texas, Appellant and his mother eventually moved in with her. During the evening hours of March 2, 2022, an argument among the three escalated into a physical confrontation with Appellant's mother assisting him in the

---

[3] At the time of trial, the parties were divorced.

[4] The complainant refused to prosecute Appellant in Oklahoma.

2

assault.  According to the complainant, Appellant had consumed a large amount of alcohol that day.  When she threatened to call police, he broke her phone.  He reached for a pocketknife described as a black Smith and Wesson folding knife with a five-inch serrated blade.  The complainant took it from him but he regained control, lunged at her, and stabbed her in the abdomen.[5]  The wound was not life threatening.

A witness who had just arrived at a neighbor's home heard a female voice screaming "[g]et off me, stop, leave me alone" and also heard a male voice shouting aggressively.  She called 911 and while she was on the phone, the complainant ran outside and asked her for help.  The witness gave the complainant her phone so she could report what occurred.  She also hid the complainant in a carport area.  Appellant then exited the house, looking for the complainant, and the witness pushed her further into the carport and remained with her until police arrived.

Officers were dispatched to a domestic disturbance call.  When they arrived, the witness told them the complainant was "crying," "scared," "frantic," and "stumbling."  The complainant expressed her fear of Appellant during the 911 call.  Appellant had fled the scene once he realized police had been called.  Some officers drove through the neighborhood searching for him and were flagged down by a resident one street over for a disturbance in the alley.  The officers continued the search on foot and found Appellant hiding under a large tree or bush.  He acted aggressively and was uncooperative until he

_____

[5] The defense argued that the complainant gave inconsistent statements by initially claiming she first grabbed the knife and later reporting to police that Appellant grabbed the knife first.  During the 911 call, the complainant claimed she took the knife from Appellant, held it up, and told him to get away from her after which he took it from her.  Any inconsistencies in testimony are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The defense also disputed whether the complainant was stabbed by Appellant given her injury was not serious and she did not immediately report to the 911 dispatcher that she had been stabbed.  While on the call, though, she noticed she was bleeding.

3

was threatened with a taser, after which he complied. The officers were then able to handcuff him. The knife used in the assault was found on the ground where Appellant had been hiding.

When Appellant was apprehended, he admitted to the officer's that he and the complainant had argued, he broke her phone, and "slammed her on the ground." They escorted Appellant to a patrol vehicle and, after he was placed inside, he began kicking the door and window. He left multiple footprints which were photographed and admitted into evidence over objections they were not relevant and were more prejudicial than probative. He was transported to jail where the staff was notified of Appellant's aggressive behavior.

## STANDARD OF REVIEW—EVIDENTIARY RULINGS

A trial court's evidentiary rulings are reviewed for abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). An abuse of discretion occurs when the decision falls outside the zone of reasonable disagreement. *Id.* at 83. A trial court's decision to admit photographic evidence is likewise reviewed for abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 786 (Tex. Crim. App. 2006).

### ISSUES ONE AND TWO—TESTIMONY OF OFFICER HOWELL

Appellant maintains the trial court abused its discretion in finding a portion of Officer Howell's testimony admissible under the excited utterance exception to the prohibition against hearsay and in admitting certain photographs of the crime scene without him being qualified as an expert witness. We disagree.

4

An excited utterance exception to hearsay is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. TEX. R. EVID. 803(2). *Coble v. State*, 330 S.W.3d 253, 294 (Tex. Crim. App. 2010). "The basis for the excited utterance exception is "a psychological one, namely, the fact that when a [person] is in the instant grip of violent emotion, excitement or pain, [the person] ordinarily loses the capacity for reflection necessary to the fabrication of a falsehood and the 'truth will come out.'" *Evans v. State*, 480 S.W.2d 387, 389 (Tex. Crim. App. 1972). In determining whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question. *Zuliana v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). The critical question is whether the declarant was still dominated by the emotion caused by the startling evidence when she spoke. *Coble*, 330 S.W.3d at 294.

During Officer Howell's testimony, he was asked if he was able to determine what had happened at the scene after interviewing the complainant. Defense counsel made a hearsay objection. The State responded that a predicate had been laid for the excited utterance exception to hearsay. Initially, the trial court disagreed and indicated the State needed to "set a better predicate." On further questioning, the officer described the complainant as being under the influence of a traumatic event, "still excited," "scared," "speaking fast" in an elevated tone, all sentiments he encounters regularly in these situations. The trial court then overruled the hearsay objection.

In the underlying case, the argument leading to the assault was overheard by a witness a few houses down who was concerned enough to call 911. A very short time

5

passed between the attack and the arrival of the officers. The complainant's statements were made mostly in response to questioning by Officer Howell. He testified she did not calm down "for a very long period of time." The State established the complainant was still in an emotional state when she gave the officer details of the assault. We conclude the trial court did not abuse its discretion in admitting Officer Howell's testimony as an excited utterance exception to hearsay. Issue one is overruled.

Officer Howell was questioned about various photographs of the crime scene and whether, based on his experience, the lack of items being thrown or disturbed negated an assault had occurred there. Defense counsel objected on grounds of speculation, which the trial court overruled. The officer answered that the lack of signs of a disturbance did not mean an assault had not occurred.

To preserve error for appellate review, a party must state the grounds for the ruling he seeks with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). The complaint on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Here, Appellant's complaint is that Officer Howell had not been qualified as an expert witness to offer his opinion on the photographs. Because his trial objection of speculation does not comport with his appellate complaint, he has forfeited review of his issue. Issue two is overruled.

**ISSUES THREE AND FOUR—EXTRANEOUS CONDUCT AND PHOTOGRAPHS OF PRIOR INJURIES**

Appellant contends the trial court abused its discretion in permitting the complainant to testify about alleged extraneous conduct and photographs of prior injuries she sustained. We disagree.

Rule 404(b) prohibits evidence of other crimes, wrongs, or other acts to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character. TEX. R. EVID. 404(b)(1). But extraneous conduct may be admitted for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *De La Paz v. State*, 279 S.W.3d 336, 342–43 (Tex. Crim. App. 2009).

Rule 403 requires the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. When a trial court conducts a Rule 403 balancing test, it must consider (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

Additionally, article 38.371 of the Texas Code of Criminal Procedure provides an avenue for admissibility of evidence regarding the nature of the relationship between a defendant and a complainant to assist the trier of fact in determining whether the defendant committed certain family violence related offenses. *Curtis v. State*, No. 07-22-00273-CR, 2023 Tex. App. LEXIS 6079, at *2–3 (Tex. App.—Amarillo Aug. 10, 2023, no pet.) (mem. op., not designated for publication). The Legislature has determined the nature of the relationship is a permissible, non-character-conformity purpose for admission of such evidence. *See id.* (citing *Franco v. State*, No. 08-18-00040-CR, 2020 Tex. App. LEXIS 4451, at *20, 22 (Tex. App.—El Paso June 15, 2020, no pet.) (mem. op., not designated for publication)).

In the underlying case, prior to the complainant's testimony, the prosecutor advised the trial court it intended to offer evidence of past abuse in the relationship between Appellant and the complainant under article 38.371.[6] Defense counsel objected under Rule 403 that the evidence would be more prejudicial than probative, but he did not raise a Rule 404(b) objection prohibiting extraneous conduct. The prosecutor alerted the trial court the evidence would be lengthy and granted defense counsel a running objection on his Rule 403 objection.

The trial court acknowledged the relationship between the parties is "fair game" under article 38.371. For the sake of efficiency, it instructed defense counsel to raise his objections "as we go along," to which he agreed. Thereafter, the complainant took the stand. She was asked whether there were other times of "similar-type-behavior" by

---

[6] The statute does not require notice and none was requested by Appellant.

8

Appellant prior to the offense for which he was on trial. Defense counsel lodged a relevance objection noting evidence of prior incidents would be more prejudicial than probative. The trial court overruled the objection and the complainant testified to instances of domestic violence while the parties lived in Oklahoma and described being punched, choked, and strangled. When photographs of injuries to her neck area were offered, defense counsel again objected on the same grounds. Again, the trial court overruled the objection, and the photographs were admitted into evidence.

Appellant's arguments at trial regarding Appellant's extraneous conduct were challenged on grounds of relevancy. Here, relevancy is also the basis of his argument that the extraneous conduct and photos of the complainant's prior injuries were not relevant. Relevancy aside, no one disputes the victim was Appellant's wife at the time of the assault. Thus, the trial court could have admitted the complained-of evidence under article 38.371 to contextualize the nature of the relationship between Appellant and the complainant. *See Fernandez v. State*, 597 S.W.3d 546, 566 (Tex. App.—El Paso 2020, pet. ref'd). The trial court did not abuse its discretion in allowing the complainant to testify regarding Appellant's extraneous conduct or in admitting photographs of her prior injuries because they were relevant to something other than character conformity. Issues three and four are overruled.

## ISSUE FIVE—PHOTOGRAPHS OF PATROL VEHICLE

Appellant asserts the trial court abused its discretion in admitting photographs of the inside of a patrol vehicle. We disagree.

During a detective's testimony, the State offered various photographs depicting the inside of a patrol vehicle. Defense counsel objected the evidence was not relevant to the allegation against Appellant and was more prejudicial than probative.

Generally, photographs are admissible if testimony related to the matters depicted would also be admissible. *Ramirez v. State*, 815 S.W.2d 636, 647 (Tex. Crim. App. 1991). Five photographs of the inside of the patrol vehicle were offered by the State. The photographs showed footprints on the door and window from Appellant kicking them when he was placed inside.

Under the *Gigliobianco* factors set forth *supra*, the photographs showed Appellant's angry and intoxicated state on the evening in question. They also supported the complainant's testimony of Appellant's aggressive behavior toward her. There was nothing to suggest the jury would give the photographs undue weight or that they consumed an inordinate amount of time. The trial court admitted approximately three dozen photographs offered by the State and only five were related to the patrol vehicle. They were not cumulative of other evidence. We find the photographs of the inside of the patrol vehicle were not so prejudicial, misleading, or confusing for the jury and their admission did not amount to abuse of discretion by the trial court. Issue five is overruled.

**ISSUE SIX—CUMULATIVE ERROR**

Appellant relies on *Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (Cochran, J., concurring in refusal of petition), and federal case law, among other authorities, to support his contention that cumulative evidentiary errors resulted in reversible error. We disagree.

10

"It is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, the cumulative-error doctrine affords relief only when constitutional errors so "fatally infect the trial" that they violate the trial's "fundamental fairness." *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004). But the cumulative effect of non-errors is not error. *Chamberlain*, 998 S.W.2d at 238. If a defendant fails to prove any error as to his complaints separately, there is no cumulative harm. *Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016).

Appellant reiterates the complaints raised in his first five issues. The State contends Appellant's complaints were either not preserved for review or did not result in error. Thus, there can be no cumulative error. Because we have resolved Appellant's issues against him, we agree with the State there is no cumulative error. Issue six is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

11