**Affirmed and Memorandum Opinion filed October 22, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00546-CR

_____

**PEDRO RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1758909**

## MEMORANDUM OPINION

In this appeal from a conviction for continuous sexual abuse of a young child, appellant argues that his conviction should be reversed because his counsel was ineffective and because the trial court abused its discretion in the admission of certain evidence. For the reasons given below, we overrule each of appellant's arguments and affirm the trial court's judgment.

# BACKGROUND

Appellant was charged with the continuous sexual abuse of the complainant, his niece. He pleaded not guilty to that charge, and his case proceeded to a trial by jury.

At the time of trial, the complainant was seventeen years old, and she testified that appellant abused her when she was between the ages of six and eleven. She said that on some occasions he touched her thigh and butt through her clothing. On other occasions, she said that he would go to where she was sleeping at night and pull down her pants, put his face between her legs, and lick her vagina. And on one occasion, she said that she felt his penis in her vagina.

The complainant did not make her first outcry until she was fourteen years old. Before then, she explained that she coped with the trauma of sexual abuse through self-inflicted harm. She cut her thighs, arms, and hands "so [she] wouldn't feel his touch." On several occasions, she also attempted suicide through overdosing on medications.

Appellant took the stand in his own defense and denied the allegations.

In closing statements, defense counsel argued that the complainant could not be believed because there was no opportunity for appellant to commit the alleged abuse, as the complainant never slept alone. Counsel also argued that the complainant was not credible because she was suffering from mental health problems. Counsel referred to certain medical records indicating that she attempted suicide because she claimed to be upset with her parents, not because of the alleged sexual abuse. Counsel suggested from that evidence that the complainant's allegations were just a ploy for attention.

The jury rejected counsel's theory of the case, convicted appellant as charged, and assessed his punishment at fifty years' imprisonment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant raises two complaints of ineffective assistance of counsel: first, that counsel failed to call an expert witness; and second, that counsel failed to lodge a specific objection to certain opinion testimony. We review such complaints under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, appellant must prove by a preponderance of the evidence that his counsel's performance was deficient, and that the deficient performance was so prejudicial that it deprived him of a fair trial. *Id.* at 687.

## I. Failure to Call an Expert Witness

Appellant's first complaint focuses on the complainant's mental health problems, which were discussed at length during the trial.

For example, the complainant testified that she had been diagnosed with major depressive disorder, PTSD, and anxiety. She claimed to have experienced audio and visual hallucinations. She also admitted to inflicting harm on herself, which she attributed solely to appellant's sexual abuse.

There was also expert testimony from a psychologist who reviewed the complainant's medical records, but who did not personally interview the complainant. The psychologist testified that the complainant's behaviors were consistent with a person who had previously experienced trauma. The psychologist further explained that the complainant's depression, PTSD, and suicidality could all have been caused by her sexual abuse.

Defense counsel challenged these lines of testimony on cross-examination. Whereas the complainant had previously said on direct examination that her sexual

abuse was the only reason that she had harmed herself or had attempted suicide, counsel had the complainant acknowledge that other stressors could have caused her behavior. Those stressors included the complainant's parents, whom she said were abusive towards each other. The complainant indicated that her parents would pull her into their fights, and that her mom in particular would make insensitive comments about her weight. The complainant also acknowledged that the loss of her godfather could have contributed to her cutting.

Similarly, counsel had the psychologist recognize on cross-examination that the complainant's depression, suicidality, and other psychological symptoms could have resulted from her exposure to domestic violence and from having low self-esteem.

But counsel did not call her own expert witness, and appellant now argues on appeal that counsel was deficient by not procuring an expert. Appellant contends that an expert was needed because the complainant's medical records were voluminous, and an expert should have been consulted to understand what those records contained, to identify any errors or assumptions therein, and to recommend any other areas of investigation. Appellant also contends that the jury required expert assistance to understand the impact of adverse experiences in the complainant's life—namely, the domestic violence between her parents, the complainant's having to choose between them during their separation, and her being bullied, as well as the potential cumulative effect of those adverse experiences.

"To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense." *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Appellant has made no

4

showing here than an uncalled expert witness was available to testify. Accordingly, his ineffectiveness claim must fail.

Appellant relatedly argues that counsel was deficient by choosing to present a defensive theory solely through cross-examination and through argument.

When assessing counsel's performance, our review is highly deferential and begins with the strong presumption that counsel's decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The effect of this presumption is that we cannot ordinarily conclude that counsel's performance was deficient on a silent record. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Counsel must usually be given an opportunity to explain her actions and omissions before she is condemned by a court for being unprofessional or incompetent. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

In this case, appellant did not file a motion for new trial complaining of counsel's performance, nor did counsel otherwise testify or file an affidavit explaining her strategic decisions. When the record is silent, as it is here, we cannot conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is a difficult standard, and we cannot say that it applies here. According to some of the medical records, the complainant claimed that she harmed herself because "basically I want my parents to care." Counsel could have reasonably determined that this plain statement did not require expert interpretation. Counsel could have likewise determined that this statement might undermine a prosecution theory that the complainant's behavior was caused by sexual abuse.

5

Appellant also contends that he is entitled to relief under *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005) and *Wright v. State*, 223 S.W.3d 36 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd), cases where an attorney's performance was held to be deficient because the attorney failed to fully investigate certain medical records or to consult with an expert. But both of those cases are distinguishable because the attorneys in each affirmatively explained their strategic decisions. *See Briggs*, 187 S.W.3d at 466 (the attorney filed an affidavit to be considered with the defendant's application for writ of habeas corpus); *Wright*, 223 S.W.3d at 39–40 (the attorney testified at the hearing on the motion for new trial). By contrast, the record here is silent, which means that appellant has not overcome the presumption that counsel's decisions were motivated by sound trial strategy.

## II. Failure to Lodge a Specific Objection

Appellant's second complaint arises out of the testimony of an officer who spoke with the complainant following one of her suicide attempts. The officer testified that, at the time of their encounter, the complainant appeared distraught and emotional. The officer observed cuts on the complainant's leg. When the officer asked about the origin of those cuts, the complainant indicated that she had been sexually abused.

The prosecution did not ask the officer to disclose the name of the complainant's abuser. Instead, the prosecution continued with the following line of questioning about the complainant's credibility, which also included an objection from defense counsel:

Q. In your communications with the complainant, what was her emotional state?

A. Traumatized. It was hard for her to talk. Crying almost the entire time.

Q. Did you find the complainant to be credible?

6

A. I did.

DEFENSE: Objection.

Q. Did you get the impression that the complainant was trying to frame-up anyone?

A. No.

The trial court never ruled on defense counsel's objection. Appellant asserts that the trial court never made a ruling because the objection was nonspecific, and that counsel "erred" by not specifically stating that she was grounding her objection on the prosecution's call for inadmissible opinion testimony about the complainant's credibility. *See Lopez v. State*, 343 S.W.3d 137, 140–41 (Tex. Crim. App. 2011) ("Direct opinion testimony about the truthfulness of another witness, without prior impeachment, is inadmissible . . . ."). Relatedly, appellant also contends that counsel "erred" by not renewing her objection after the prosecution's subsequent question about a possible "frame-up." Even though appellant does not couch these arguments in terms of ineffective assistance of counsel, we construe them in that manner because error, if any, is ordinarily made by the court, not by the parties. *See Snowden v. State*, 353 S.W.3d 815, 821 (Tex. Crim. App. 2011) ("The *parties* do not ordinarily commit error; the *trial court* does, whenever it acts, or fails to act, over the legitimate objection of a party or it conducts trial proceedings in a manner inconsistent with a constitutional or statutory requirement that is not optional with the parties.").

For the sake of argument only, we will assume without deciding that counsel performed deficiently by not lodging a specific objection. Nevertheless, appellant cannot obtain relief unless he establishes that he was prejudiced, and to carry that burden, he must demonstrate a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

7

Appellant suggests that he was prejudiced because the officer's "definitive answer decided the issue of credibility for the jury." We disagree. The jury heard directly from the complainant, who testified over the span of two days, as compared to the officer, who only testified on one. The jury was free to determine for itself whether the complainant was credible based on her own time on the stand. There is no reasonable probability that the brief testimony of the officer moved the jury from a state of non-persuasion to a state of persuasion. *See Flores v. State*, 513 S.W.3d 146, 166 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that improper opinion testimony about the credibility of a child complainant was not prejudicial where the jury also heard direct testimony from the child complainant).

## ADMISSION OF EVIDENCE

Appellant's final issue focuses on the complainant's lay opinion testimony regarding the cause of her own mental health issues. We reproduce the challenged testimony here:

> Q. And is it fair to say that the sexual abuse is what started all of your mental health issues?
>
> DEFENSE: Objection, Your Honor. Improper opinion. She's not an expert to testify to that.
>
> COURT: Overruled.
>
> Q. Do you understand the question?
>
> A. No.
>
> Q. Okay. [Complainant], what caused your mental health issues?
>
> A. Just, just the issues at home with my dad and my mom and also the sexual abuse. It's both.

Consistent with counsel's trial objection, appellant argues now that the complainant was not qualified to opine as to the cause of her mental health issues. He explains that causation is a complex question and more properly reserved to an

expert with experience in studying and identifying the causes of mental illness, suicidality, and self-harm.

For the sake of argument only, we will assume without deciding that the trial court erred by admitting the challenged testimony. The question then becomes whether admission of this testimony was reversible under the standard for nonconstitutional error. *See Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008) (holding that the erroneous admission of evidence was not of constitutional dimension).

Nonconstitutional error must be disregarded unless it affects a defendant's substantial rights. *See* Tex. R. App. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no influence or only a slight effect on the verdict, the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The erroneous admission of evidence does not generally have a substantial and injurious effect—and thus, is generally not reversible—if the same or similar evidence is admitted without objection at another point in the trial. *See Linney v. State*, 401 S.W.3d 764, 780 (Tex. App.—Houston [14th Dist.] 2013), *pet. ref'd*, 413 S.W.3d 766 (Tex. Crim. App. 2013). That rule applies here. On an earlier day in the trial, the complainant testified without objection that she began cutting herself because appellant had sexually abused her. The psychologist similarly read from a portion of the complainant's medical records, which stated that the complainant "report[ed] sexual assault from uncle and subsequently attempted to [overdose] stating 'I couldn't handle it, I wasn't strong enough.'" This properly admitted evidence does not differ significantly from the challenged testimony in which appellant attributed her mental health issues to the alleged sexual abuse.

The complainant also stated in her challenged testimony that her mental health issues were caused by the domestic strife between her parents. Appellant cannot establish that he was harmed by this testimony because it was consistent with his defensive theory that the complainant fabricated her allegations as a means of garnering attention and bringing her family back together.

For all of these reasons, we cannot say that any error in admitting the challenged opinion testimony had a substantial and injurious effect on appellant's substantial rights.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.
Do Not Publish – Tex. R. App. P. 47.2(b).