

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00175-CR
_____

LEONARDO CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 290th District Court
Bexar County, Texas
Trial Court No. 2023CR4292B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Bexar County[1] jury convicted Leonardo Cruz of three counts of aggravated assault with a deadly weapon and one count of injury to a child. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 22.04(f) (Supp.). Cruz was sentenced to twenty-year terms for each of the aggravated assault with a deadly weapon offenses and ten years for the injury to a child offense. On appeal, Cruz argues that he received ineffective assistance of counsel. Because we find that Cruz failed to make a showing of prejudice, we affirm the judgments.

## I. Background

In an amended indictment, the State alleged in three counts that Cruz committed aggravated assault with a deadly weapon by striking three different children with a bat. The State alleged in a fourth count that Cruz also struck one of the children with a paddle, causing bodily injury. A jury found Cruz guilty of all four counts and sentenced him to twenty years on each of the first three counts and ten years on the fourth count. Cruz appeals.

## II. Ineffective Assistance of Counsel

In his sole issue on appeal, Cruz argues that his defense counsel was ineffective for failing to adequately cross-examine several of the State's witnesses.

### A. Standard of Review and Applicable Law

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI;

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We are unaware of any conflict between precedent of the Fourth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

*Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.).

While ineffective assistance of counsel claims may be raised on direct appeal, "[g]enerally, a writ of habeas corpus is the preferred vehicle for ineffective assistance [of counsel] claims." *Ex parte Okere*, 56 S.W.3d 846, 855 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999)). The Texas Court of Criminal Appeals gives preference to a collateral attack, as opposed to a direct appeal of ineffective assistance of counsel claims, because "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999) (citing *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam)).

Even so, we consider Cruz's claims of ineffective assistance on direct appeal. The right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). To show that trial counsel was ineffective, Cruz must demonstrate that (1) trial counsel's performance was deficient because it "fell below an objective standard of reasonableness" and (2) "a probability sufficient to undermine confidence in the outcome" existed that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Thompson*, 9 S.W.3d at 812. "A reasonable probability [means] a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. A failure to make a

3

showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Turner v. State*, 528 S.W.3d 569, 577 (Tex. App.—Texarkana 2016, no pet.) (citing *Strickland*, 466 U.S. at 697). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)). We "must look to the totality of the representation, and [our] decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias." *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (orig. proceeding) (citing *Strickland*, 466 U.S. at 690). "In all cases, the 'ultimate focus of inquiry must be on the fundamental fairness of the proceeding.'" *Id.* (quoting *Strickland*, 466 U.S. at 696); *Sabella v. State*, 578 S.W.3d 137, 141 (Tex. App.—Texarkana 2019, no pet.) (quoting *Ex parte Martinez*, 300 S.W.3d at 901).

We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson*, 9 S.W.3d at 814.

4

**B.** **Cruz Has Failed to Meet his Burden of Showing Prejudice**

Cruz asserts that his trial counsel failed to adequately cross-examine several of the State's witnesses. "The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence." *Ex parte Martinez*, 330 S.W.3d at 901 (citing *Thompson*, 9 S.W.3d at 813). Cruz, however, presents no argument, authority, or support to satisfy the second prong of *Strickland*, specifically that, but for his counsel's errors, if any were determined, "the result of the proceeding[s] would have been different." *Strickland*, 466 U.S. at 694.

"To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Taylor v. State*, 558 S.W.3d 215, 218 (Tex. App.—Texarkana 2018, no pet.) (quoting TEX. R. APP. P. 38.1(i)) (citing *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000)). "Because the Texas Court of Criminal Appeals has emphasized that an appellate court has no obligation to construct and compose issues, facts, and arguments for an appellant, encompassed within Rule 38.1 is the party's task of explaining or discussing why an argument has substance." *Id.* (citing *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); *Lucio*, 351 S.W.3d at 896–97; *Busby*, 253 S.W.3d at 673).

"To avoid forfeiture, a party must provide substantive analysis by applying the law to the facts." *Id.* (citing *Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (Cochran, J., concurring in refusal to grant petition for discretionary review)). "A brief that fails to apply the law to the facts does not comply with Rule 38.1 and presents nothing for review." *Id.* (citing

5

*Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003)). Except for an unsupported, one-sentence assertion that "trial counsel's ineffectiveness resulted in an extreme sentence," Cruz has presented nothing for our review as it relates to the second prong of the *Strickland* test. Because conclusory statements do not lay the predicate for an ineffective-assistance claim, Cruz has forfeited his claim of ineffective assistance. *See Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *Ruiz v. State*, 293 S.W.3d 685, 693 (Tex. App.—San Antonio 2009, pet. ref'd) (complaint waived where defendant's "brief contain[ed] no argument or authorities" to support contention that his counsel was ineffective); *Tufele v. State*, 130 S.W.3d 267, 270–71 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (ineffective-assistance-of-counsel complaint waived for inadequate briefing).

In any case, the record does not disclose a basis for determining that Cruz was prejudiced by counsel's alleged errors. This highlights why ineffective-assistance claims "are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 143. The record may be developed through a motion for new trial; even so, "[o]n direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)).

Because Cruz does not address the alleged prejudice he suffered as a result of his counsel's alleged deficiencies regarding cross-examination, which we do not reach in this memorandum opinion, we find that Cruz has failed to meet his burden to establish ineffective

assistance of counsel.  *See Turner*, 528 S.W.3d at 577 (citing *Strickland*, 466 U.S. at 697); Tᴇx. R. Aᴘᴘ. P. 38.1.  Cruz's sole issue is overruled.

## III.    Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      March 5, 2025
Date Decided:        March 17, 2025

Do Not Publish